

**IN THE**
**TENTH COURT OF APPEALS**

_____

**No. 10-23-00401-CV**

**IN THE INTEREST OF J.L.O., C.L.O., K.H.O.,**
**L.G.O., K.L.O., AND R.F.O.,**
**CHILDREN,**

_____

**From the County Court at Law No. 1**
**Ellis County, Texas**
**Trial Court No. 109816CCL**

_____

**MEMORANDUM OPINION**

_____

The Texas Department of Family and Protective Services filed a petition seeking

to terminate Father and Mother's parental rights to their six children. After a bench trial,

the trial court terminated Father's parental rights under Texas Family Code Sections

161.001(b)(1)(D), (b)(1)(E), (b)(1)(O), and (b)(1)(P), and found termination was in the best

interest of each of the children.[1] *See* TEX. FAM. CODE ANN. §§ 161.001(b)(1)(D), (b)(1)(E),

(b)(1)(O), (b)(1)(P), (b)(2). Father appeals this final order.

---

[1] Before trial, Mother signed a voluntary relinquishment of her rights to all six children. She does not appeal.

Father's attorney has now filed a motion to withdraw and an *Anders* brief asserting that she diligently reviewed the record and that, in her opinion, there are no issues of arguable merit to present. *See generally Anders v. California*, 386 U.S. 738 (1967); *See Interest of A.S.*, 653 S.W.3d 298 (Tex. App.—Waco 2022, no pet.).

## *Anders* **Brief**

Counsel's brief meets the requirements of *Anders* by presenting a professional evaluation demonstrating why there are no arguable grounds to advance on appeal. *See Stafford v. State*, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991). Father's attorney has provided us with the appropriate facts of the case and its procedural history, and has carefully discussed why, under controlling authority, there is no reversible error in the trial court's Order of Termination. *See In re Schulman*, 252 S.W.3d 403, 406 n.9 (Tex. Crim. App. 2008). Counsel has informed us that she has: (1) examined the record and found no arguable grounds to advance on appeal, (2) served Father with a copy of the *Anders* brief, (3) provided a copy of the record to Father, (4) informed Father of his right to file a response to her *Anders* brief, and (5) informed Father of his right to request her to file a petition for review on his behalf with the Texas Supreme Court. *See Anders*, 386 U.S. at 744; *Kelly v. State*, 436 S.W.3d 313, 319-20 (Tex. Crim. App. 2014); *Interest of A.S.*, 653 S.W.3d at 299-300. By letter, we informed Father of his right to review the record and to file a response to the *Anders* brief, but he has not filed a response.

Upon receiving an *Anders* brief, we must conduct a full examination of the proceedings to determine whether the appeal is wholly frivolous. *Penson v. Ohio*, 488 U.S. 75, 80 (1988). Arguments are frivolous when they "cannot conceivably persuade the court." *McCoy v. Court of Appeals*, 486 U.S. 429, 436 (1988). We have reviewed the record and counsel's brief, and we agree with counsel's assertion that the appeal is frivolous. *See Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005) ("Due to the nature of *Anders* briefs, by indicating in the opinion that it considered the issues raised in the briefs and reviewed the record for reversible error but found none, the court of appeals met the requirements of Texas Rule of Appellate Procedure 47.1."). We affirm the judgment of the trial court.

### Motion to Withdraw

Counsel has filed a motion to withdraw as was historically required in order to comply with the procedures set forth in *Anders* and its Texas progeny. However, the Texas Supreme Court has stated that "an *Anders* motion to withdraw brought in the court of appeals, in the absence of additional grounds for withdrawal, may be premature." *See In the Interest of P.M.*, 520 S.W.3d 24, 27 (Tex. 2016). Counsel does not set forth any "good cause" outside of the filing of the *Anders* brief in her motion to withdraw. Consequently, we deny the motion to withdraw. Appointed counsel remains appointed in this case through any proceedings in the Texas Supreme Court unless otherwise relieved of these duties. *See Id* at 27-28.

**Conclusion**

Having found no meritorious issues presented in this appeal, we affirm the judgment of the trial court.  We deny counsel's motion to withdraw.


                                        STEVE SMITH
                                        Justice

Before Chief Justice Gray,
       Justice Johnson, and
       Justice Smith
Affirmed
Opinion delivered and filed April 11, 2024
[CV06]

